# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2014

Lyle W. Cayce
Clerk

No. 11-70004

CARLOS MANUEL AYESTAS, also known as Dennis Zelaya Corea,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2999

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

A Texas jury sentenced Carlos Manuel Ayestas to death for a murder he committed during a home robbery. His conviction was affirmed by the Texas Court of Criminal Appeals, which also denied his application for habeas corpus. Ayestas subsequently sought federal habeas relief. In his federal application, Ayestas raised additional claims of ineffective assistance of counsel not raised

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in his state habeas application.    Ayestas conceded these claims were unexhausted and requested a stay so that he could return to state court to exhaust the claims.  On January 26, 2011, the district court denied the motion for a stay, concluding the unexhausted claims were procedurally barred because the Texas Court of Criminal Appeals would apply its bar to successive petitions and refuse to consider the new evidence on the merits.  The district court also denied his application for a certificate of appealability ("COA").

On February 22, 2012, we also denied Ayestas's motion for a COA on the issue of the stay, concluding that Ayestas had failed to show good cause for failure to exhaust the claim and that any claim would be meritless because it would be procedurally barred by Texas law banning subsequent habeas petitions.  To the extent Ayestas had argued a better attorney would have raised the claims in state court, we concluded that, generally, errors by "habeas counsel cannot provide cause for a procedural default."  *See Cantu v. Thaler*, 632 F.3d 157, 166 (5th Cir. 2011), *cert. granted, judgment vacated*, 132 S. Ct. 1791 (2012).  Accordingly, we denied COA on the district court's denial of Ayestas's motion for stay and abeyance.

In March 2012, Ayestas filed a motion to vacate our judgment and remand to the district court in light of the Supreme Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  *Martinez* created a limited exception to the rule that the ineffectiveness of habeas counsel could not provide cause for procedural default.  We denied Ayestas's motion to vacate and remand in reliance on one of this court's decisions that *Martinez* categorically does not apply to claims from Texas inmates.  *See Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012), *overruled by Trevino v. Thaler*, 133 S. Ct. 1911 (2013).  On June 3, 2013, the Supreme Court granted Ayestas's petition for writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

No. 11-70004

In light of the Supreme Court's order, we GRANT Ayestas's motion to vacate our prior decision denying Ayestas's application for a COA. We REMAND to the district court to reconsider Ayestas's procedurally defaulted ineffective assistance of counsel claims in light of *Trevino.* We express no view on what decisions the district court should make on remand.