# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2016

Lyle W. Cayce
Clerk

No. 15-70015

CARLOS MANUEL AYESTAS, also known as Dennis Zelaya Corea,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

ON PETITION FOR REHEARING AND REHEARING EN BANC

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:

No member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, the Petition for Rehearing En Banc is DENIED. *See* FED. R. APP. P. 35; 5TH CIR. R. 35.

The Petition for Panel Rehearing is also DENIED.

In the petitions, Ayestas makes two arguments to which we will respond. First, he alleges errors with our holding under *Rhines v. Weber*, 544 U.S. 269 (2005). Specifically, he claims we held that "because federal habeas counsel did not locate the Siegler Memo sooner, it was insufficiently diligent under"

Article 11.071 § 5(a)(1) of the Texas Code of Criminal Procedure. We were not, though, referring to the diligence of federal habeas counsel in locating the memo. It was the diligence of Ayestas's trial counsel that we were describing. Our analysis is consistent with *Rhines.*

Ayestas also points out that he was not in fact examined by a psychologist in 1997, but we stated he had been in our opinion. Our analysis is nonetheless unchanged. In our opinion, we held that even if Ayestas had shown there had been deficient performance under *Strickland v. Washington,* 466 U.S. 668 (1984), he did not show prejudice, that is, a "substantial, not just conceivable, likelihood of a different result." *Ayestas v. Stephens*, No. 15-70015, 2016 WL 1138855, at \*6 (5th Cir. Mar. 22, 2016) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 189 (2011)). Ayestas does not challenge this aspect of our panel opinion. Our conclusion that *Strickland* ineffectiveness was not shown remains unchanged.