# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2020

Lyle W. Cayce
Clerk

No. 19-70008

CHUONG DUONG TONG,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2355

Before SMITH, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Chuong Duong Tong, a Texas death row inmate, seeks an additional
certificate of appealability (COA) following the district court's denial of his
petition for federal habeas relief under 28 U.S.C. § 2254. Tong has already
been granted a COA to appeal his claim concerning the jury selection process

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-70008

during voir dire (the "voir dire claim"), which is pending before this panel. Tong now seeks permission to raise additional claims on appeal—specifically, that the prosecution suppressed material impeachment evidence concerning two of its witnesses, Stephen Mayeros and Hoa Huu Than, *a/k/a* "Too Short" (respectively, the "Mayeros *Brady* claim" and the "Too Short *Brady* claim"), and that his trial counsel were ineffective for failing to investigate and present mitigating evidence (the "*Wiggins* claim").

We DENY Tong a COA as to both *Brady* claims. A complete evaluation of the *Wiggins* claim, however, must await limited remand to the district court. That court denied Tong's request to fund investigation of additional mitigation evidence, *see* 18 U.S.C. § 3599(f), but it used a standard the Supreme Court has now abrogated. *See Ayestas v. Davis* (*Ayestas II*), 138 S. Ct. 1080, 1093 (2018) (abrogating "substantial need" standard for § 3599 requests used in *Ayestas v. Stephens*, 817 F.3d 888, 895–96 (5th Cir. 2016)). A limited remand is therefore necessary so that the district court may evaluate Tong's funding request under the current standard. We therefore VACATE the judgment denying Tong's funding request, REMAND for reconsideration under *Ayestas II*, and STAY further proceedings before this panel on Tong's *Wiggins* claim pending the district court's decision.

## I.

A jury convicted Tong of capital murder and sentenced him to death for killing Houston police officer Tony Trinh in 1997. The Texas Court of Criminal Appeals (TCCA) affirmed his conviction and sentence on direct appeal. *Tong v. State*, 25 S.W.3d 707 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 1053 (2001). Nine years later, the TCCA denied Tong's state habeas application. *Ex Parte Tong*, No. WR-71377-01, 2009 WL 1900372 (Tex. Crim. App. July 1, 2009).

No. 19-70008

Tong timely filed his initial federal habeas petition on July 1, 2010, and an amended petition on September 13, 2011. In 2012, the district court stayed proceedings to allow Tong to file a subsequent habeas application in state court. The TCCA dismissed that application as an abuse of the writ without considering the merits. *Ex Parte Chuong Duong Tong*, No. WR-71,377-02, 2013 WL 2285455 (Tex. Crim. App. May 22, 2013). Tong returned to district court, where he was granted new counsel in January 2014 in light of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Tong subsequently moved under 18 U.S.C. § 3599 for funding to investigate possible mitigation evidence not presented by trial counsel, and for a Vietnamese interpreter to assist with the effort, but the district court denied those requests in September 2014.

Tong filed a 232-page second amended federal habeas petition on October 17, 2014. This petition presented, *inter alia*, (1) the voir dire claim; (2) the two *Brady* claims; and (3) the *Wiggins* claim. Tong also renewed his § 3599 request for funding to investigate and develop his *Wiggins* claim.

On September 30, 2016, in a detailed 78-page ruling, the district court granted in part and denied in part the State's motion for summary judgment, denied in part Tong's habeas petition, and granted an evidentiary hearing on Tong's *Brady* claims. Although Tong did not request a COA, the district granted one as to the voir dire claim. In 2017, the court held a two-day evidentiary hearing on the *Brady* claims, and then, on March 22, 2019, denied habeas relief and *sua sponte* denied a COA on those claims. Tong timely appealed.

In addition to appealing the denial of his voir dire claim, for which he has been granted a COA, Tong now separately moves for an additional COA on his two *Brady* claims and his *Wiggins* claim. Tong also asks for a remand so that the district court can reconsider its denial of his § 3599 funding request under *Ayestas II*.

No. 19-70008

## II.

"A COA is necessary to appeal the denial of federal habeas relief, 28 U.S.C. § 2253(c)(1), and the requirement is jurisdictional." *Gonzalez v. Davis*, 924 F.3d 236, 241 (5th Cir. 2019) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003)).[1] To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El*, 537 U.S. at 336. When the district court rejects a habeas petition on substantive grounds, the petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 327. When the district court rejects a habeas petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

---

[1] Tong evidently did not request a COA from the district court on any of his claims, which would normally deprive us of jurisdiction to consider his COA requests. *See, e.g., Gonzales*, 924 F.3d at 247 (stating "this court lacks jurisdiction to entertain an issue for a COA on which no request for a COA has been made in the district court") (citing *Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018)); *see also Goodwin v. Johnson*, 224 F.3d 450, 459 n.6 (5th Cir. 2000) ("[B]efore we may consider a petitioner's application for a COA on a particular issue, that petitioner must first submit his request to the district court and have that request denied."). Nonetheless, we do have jurisdiction to consider Tong's COA requests, because the district court *sua sponte* denied a COA on his *Brady* and *Wiggins* claims. *See Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011) ("[T]he lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal." (quoting *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998))).

No. 19-70008

## III.

### A.

We first consider Tong's Mayeros *Brady* claim. Because reasonable jurists would not debate the district court's rejection of this claim, we deny Tong's COA request.

To establish a *Brady* violation, Tong must show "that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material." *LaCaze v. Warden*, 645 F.3d 728, 735 (5th Cir. 2011) (citing *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994)); *see generally Brady v. Maryland*, 373 U.S. 83 (1963). Tong claims the State failed to disclose evidence that it procured Mayeros' testimony in exchange for favorable treatment in Mayeros' pending criminal case on charges of driving with a suspended license. After holding a two-day evidentiary hearing,[2] the district court resolved this *Brady* claim at prong one, finding that no deal was made with Mayeros and that Mayeros had not been given any implied promises or assurances by officers to prompt his testimony. The district court also found that Mayeros' pending charges were dropped due to his defense attorney's efforts and had nothing to do with his testimony in Tong's case. In light of these findings, which are not clearly erroneous, no reasonable jurist could disagree with the district court's rejection of Tong's

---

[2] The State argues that the district court erred in holding the evidentiary hearing in the first place because: (1) this *Brady* claim was adjudicated on the merits in state court; and (2) Tong failed to develop the factual basis for this claim in state court. *See Cullen v. Pinholster*, 563 U.S. 170, 186 (2011); 28 U.S.C. § 2254(e)(2). Because the district court denied Tong's petition on other grounds—grounds we find amply sufficient to foreclose a COA—we need not address the State's alternative arguments for denying Tong's COA request.

No. 19-70008

Mayeros *Brady* claim. We therefore deny Tong's application for a COA on this issue.

## B.

Turning to Tong's Too Short *Brady* claim, we also conclude that jurists of reason would not debate the correctness of the district court's rejection of this claim and therefore deny a COA.

Too Short was Tong's roommate at the time of the crime. Tong asserts that Too Short sought reward money for information provided by his girlfriend that led to Tong's arrest, lied under oath, served regularly as a police informant, and received favorable treatment for the sale of the victim's jewelry. He also claims the police kidnapped Too Short before he gave his statement. All this information, Tong contends, the State suppressed in violation of *Brady*.

Following its evidentiary hearing,[3] the district court found Tong had no basis for any of these assertions. It found no evidence that Too Short knew of his girlfriend's cooperation or potential reward. Nor did the court find evidence of an express or implied promise of favorable treatment, which Too Short and the prosecutors who testified at the hearing all denied. It found Too Short was not kidnapped by police, and, finally, it rejected Tong's only factual basis for arguing that Too Short was a paid informant. On appeal, Tong continues to level the same conclusory arguments as he did in the

---

[3] The State presses the same arguments in response to this claim as it did against the Mayeros *Brady* claim, namely that the evidentiary hearing was unwarranted because this claim was adjudicated in state court and because Tong failed to develop the factual basis for this claim in state court. Again, however, because we find that the district court's grounds for rejecting Tong's claim suffice to foreclose a COA, we need not address the State's alternative arguments.

district court concerning suppression of evidence impeaching Too Short. Finding no substantial showing of a constitutional violation, we deny a COA.

## C.

Finally, we turn to Tong's *Wiggins* claim that his trial counsel were ineffective for failing sufficiently to investigate and present mitigation evidence at the punishment phase. "To show deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness. And to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)) (internal citation and quotation marks omitted). In the mitigation context, *Wiggins* explains that courts must assess prejudice by "reweigh[ing] the evidence in aggravation against the totality of available mitigating evidence." 539 U.S. at 510.

As part of his claim, Tong argues that he has been denied the resources necessary to ascertain the "totality of available mitigating evidence." *Id.* In the district court, he invoked 18 U.S.C. § 3599 to request $40,000 to hire a mitigation investigator and a Vietnamese interpreter to assist with further investigation. The district court denied the request, applying the "substantial need" standard which then governed in this circuit. *See, e.g., Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004).[4] Since then, however, the Supreme Court has abrogated that standard, determining it was "arguably more demanding"

---

[4] Tong does not need a COA to appeal the denial of his § 3599 funding request. *See Wilkins v. Davis*, 832 F.3d 547, 551–52 (5th Cir. 2016) (quoting *Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005)).

than the statutory term "reasonably necessary." *Ayestas II*, 138 S. Ct. at 1093; *see* 18 U.S.C. § 3599(f).

In light of *Ayestas II*, we vacate the district court's denial of Tong's funding request and remand for reconsideration under the now-governing standard. "A district court abuses its discretion if it bases its decision on an erroneous view of the law." *Ayestas v. Davis*, 933 F.3d 384, 388 (5th Cir. 2019) (citing *Perez v. Stephens*, 745 F.3d 174, 177 (5th Cir. 2014)). Although the district court applied our then-governing standard to Tong's § 3599 request, and although the Supreme Court acknowledged in *Ayestas II* that "[t]he difference between 'reasonably necessary' and 'substantially need[ed]' may be small," 138 S. Ct. at 1093, remand is appropriate to ensure an accurate and efficient resolution of Tong's *Wiggins* claim. We express no opinion on how the district court should resolve Tong's funding request, leaving it to the court's sound discretion. *See Wilkins*, 832 F.3d at 551. In light of that, we will stay our consideration of Tong's COA request on his *Wiggins* claim, pending the district court's decision on remand.

## IV.

In sum, we deny Tong's a COA on his two *Brady* claims. We vacate the district court's judgment denying Tong's funding request under 18 U.S.C. § 3599 and remand to the district court solely for the purpose of reconsidering that request in light of *Ayestas II*. Our consideration of Tong's petition for a COA on his *Wiggins* claim is stayed pending the district court's resolution of his funding request.

COA DENIED in part; judgment VACATED in part and REMANDED for further proceedings consistent with this opinion.